FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 3 0 2007

JAMES N. HATTEN, CLERK
By: /s/ [signature]
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LEROY SUMLIN,<br>Plaintiff, | CIVIL ACTION NO.<br>1:07-CV-2544-TWT |
| v. | |
| FULTON COUNTY; et al.,<br>Defendants. | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, LeRoy Sumlin, presently confined at the Fulton County Jail in Atlanta, Georgia, has submitted the instant civil rights action. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### The 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action (1) is frivolous or malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state or federal law. Id.

In this civil rights action, Plaintiff sues Fulton County, Fulton County Sheriff Myron Freeman, the Fulton County Board of Commissioners, and the Fulton County Jail. Plaintiff indicates that he was granted in forma pauperis ("IFP") status in a prior civil rights action. Court records reflect that Plaintiff was granted IFP status in Sumlin v. Gibson, et al., Civil Action No. 1:06-CV-2333-TWT ("Sumlin I). (Sumlin I, Docket Entry 3). After assessing no initial partial filing fee in that case, this Court instructed that "the balance of said filing fee shall be paid by, or on behalf of the Plaintiff, in monthly or other incremental payments in the amount of 20% of the preceding month's income credited to the inmate account, in each month in which the prisoner's account balance exceeds $10.00." (Id., Docket Entry 3 at 1-2). This Court

AO 72A
(Rev.8/82)

further instructed that "[t]he warden of the institution, or his designee, shall collect the aforesaid monthly payments from the Plaintiff's inmate account and remit such payments to the Clerk of the United States District Court for the Northern District of Georgia until the $350.00 filing fee is paid in full." (Id. at 2-3).

In the instant action, Plaintiff alleges that the "Fulton County Jail has taken more than they were instructed to take from my account" with regard to certain monthly payments made toward the balance of the filing fee in Sumlin I. Plaintiff contends that the Fulton County Jail's payments toward the filing fee may not exceed "10 percent of [his] money when it is more than $10.00." Plaintiff requests that the jail place his money back into his account.

Plaintiff has failed to state an actionable § 1983 claim against Defendants. See Hale, 50 F.3d at 1581. Plaintiff's allegation of an allegedly unauthorized deprivation of personal property, including money, does not state a procedural due process claim where an adequate state remedy exists to address the deprivation. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). In the instant case, Plaintiff has not stated a federal constitutional claim because an adequate post-deprivation remedy exists in Georgia pursuant to O.C.G.A. § 51-10-1 to recover the alleged wrongful deprivation of

3

personal property. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987); Grant v. Newsome, 201 Ga. App. 710, 712 (1991).

## Conclusion

Because Plaintiff has failed to state a claim upon which relief can be granted, the instant action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** in forma pauperis status for the purpose of dismissal only.

**IT IS SO ORDERED**, this 29 day of October, 2007.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

4